THE STATE EX REL. LEVAN, APPELLANT, *v.* YOUNG'S SHELL SERVICE; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. LeVan v. Young's Shell Serv.* (1997), 80 Ohio St.3d 55.]

(No. 95–1100—Submitted September 10, 1997—Decided October 8, 1997.)

56

*Steven C. Carr,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Craigg E. Gould,* Assistant Attorney General, for appellee.

*Per Curiam.* Three issues are presented: (1) Did the commission abuse its discretion in excluding claimant's preexisting personality disorder from its permanent total disability analysis? (2) Did the commission's order satisfy *Noll?* and (3) Is claimant entitled to relief pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666? We answer all three questions in the negative.

The first issue has been resolved by *State ex rel. Whetstone v. Bonded Oil Co.* (1995), 73 Ohio St.3d 205, 652 N.E.2d 762. At issue there was the directive in *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 173, 31 OBR 369, 374, 509 N.E.2d 946, 951, that the commission "look at the claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record in making its determination of permanent total disability." *Whetstone* held that a claimant could not seek consideration of a nonallowed condition—in this case, preexisting personality disorder—under the guise of "all other factors." The commission did not, therefore, abuse its discretion in refusing to consider this condition.

We do find that the commission abused its discretion by crafting an order that does not meet *Noll, supra.* At issue is the commission's nonmedical analysis, which we find to be deficient in two respects.

The first involves the commission's treatment of claimant's work history, which is little more than a recitation of claimant's past jobs. The commission's attempt to add a substantive dimension to this recitation by using the phrases "wide and varied" and "flexibility and adaptability" fails. Such hollow phrases are reminiscent of the boilerplate previously decried in *Noll*, and simply restate what the earlier recitation had already revealed—that claimant had worked many jobs prior to injury. These phrases do not explain how claimant's occupational history enhances his reemployment potential.

We also find the commission's explanation to be inadequate for a second reason. The cornerstone of the commission's order is the future—the many years of work-force participation available to one of claimant's age. The commission's order, however, merely says that this availability exists. It does not address whether claimant is, or could be, vocationally capable of taking advantage of it. The order says nothing about claimant's retraining or rehabilitation potential.

We conclude, therefore, that the commission's order violates *Noll.* We do not, however, find that relief pursuant to *Gay* is appropriate. *Gay* relief is intended for only the most egregious of situations, where the evidence is so one-sided as to compel but one result. This is not the case here. Claimant's young age and moderate level of impairment are inconsistent with the evidentiary one-sidedness necessary to sustain such a remedy.

Accordingly, we reverse the judgment of the court of appeals and return the cause to the commission for further consideration and amended order pursuant to *Noll.*

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

LUNDBERG STRATTON, J., dissenting. The appropriate standard for this court's review is to determine whether there is "some evidence" in the record to support the stated basis for the commission's decision. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Because the record below contains "some evidence" in support of the commission's decision, I would affirm the court of appeals.