**[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 55.]**

THE STATE EX REL. LEVAN, APPELLANT, *v.* YOUNG'S SHELL SERVICE;

INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. LeVan v. Young's Shell Serv.*, 1997-Ohio-357.]

*Workers' compensation—Industrial Commission's denial of permanent total disability compensation returned for Noll compliance.*

(No. 95-1100—Submitted September 10, 1997—Decided October 8, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD03-290.

————————————

{¶ 1} On October 6, 1980, appellant-claimant, George LeVan, was injured in the course of and arising from his employment with Young's Shell Service. His workers' compensation claim was ultimately recognized for "herniated intervetebral disc on posterior ligament of the lumbosacral level with radicular compromise; generalized anxiety disorder."

{¶ 2} On November 12, 1991, claimant moved appellee Industrial Commission of Ohio for permanent total disability compensation. Among the evidence before the commission was a report from commission specialist Dr. Paul H. Dillahunt, which assessed a forty percent combined-effects permanent partial impairment and concluded that claimant could perform sustained remunerative employment.

{¶ 3} The commission on December 28, 1993 denied claimant permanent total disability compensation, writing:

"The reports of Drs. Ward, Korb, Vetter, Howard, and Dillahunt were reviewed and evaluated. This order is based particularly upon the reports of Drs. Vetter, Howard and Dillahunt.

"Dr. Vetter states claimant is 25% permanently partially impaired due to the orthopedic component. Most notably[,] Dr. Vetter found no objective evidence of

nerve root compromise. His opinion is [that] while claimant cannot return to work as a mechanic, he can perform work that is essentially sedentary to light in nature with restriction[s] against push-pull activities, bending at the waist or repetitibe [*sic*] use of foot controls. While Dr. Howard does find claimant to be 15% permanently partially impaired due to the psychological component, he concludes that such does not prevent claimant from returning to his previous type of employment. Accordingly, no restrictions upon claimant's activities need be imposed due to his psychological conditions. Dr. Dillahunt's opinion is that the combined effect of claimant's allowed conditions render[s] him 40% permanently partially impaired.

"Claimant is found to be able to engage in sedentary to light work, to be able to sit, walk, or to alternate between such positions and movements, limited only by the need to avoid lifting in excess of 20 pounds, to bend at the waist or to perform push-pull activities.

"Although his sixth grade education limits him to non-intellectual work, his youth (age 43) leaves claimant with over 20 productive work years in the labor force, while his wide and varied unskilled, semi-skilled, and skilled work history as a laborer, cab driver, trash collector, service station attendant, painter and mechanic all indicate a flexibility and adaptability to various kinds of work environments that would be assets in performing sedentary to light work for which he retains the physical capacity. Accordingly, claimant is held not to be permanently and totally disabled."

**{¶ 4}** Claimant filed a complaint in mandamus in the Franklin County Court of Appeals, alleging that the commission abused its discretion in denying him permanent total disability compensation. The court of appeals denied the writ after finding that the order was supported by "some evidence" and satisfied *State ex rel. Noll v. Indus. Comm*. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

**{¶ 5}** The cause is now before this court upon an appeal as of right.

_____

*Steven C. Carr*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 6}** Three issues are presented: (1) Did the commission abuse its discretion in excluding claimant's preexisting personality disorder from its permanent total disability analysis? (2) Did the commission's order satisfy *Noll*? and (3) Is claimant entitled to relief pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666? We answer all three questions in the negative.

**{¶ 7}** The first issue has been resolved by *State ex rel. Whetstone v. Bonded Oil Co.* (1995), 73 Ohio St.3d 205, 652 N.E.2d 762. At issue there was the directive in *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 173, 31 OBR 369, 374, 509 N.E.2d 946, 951, that the commission "look at the claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record in making its determination of permanent total disability." *Whetstone* held that a claimant could not seek consideration of a nonallowed condition—in this case, preexisting personality disorder—under the guise of "all other factors." The commission did not, therefore, abuse its discretion in refusing to consider this condition.

**{¶ 8}** We do find that the commission abused its discretion by crafting an order that does not meet *Noll, supra*. At issue is the commission's nonmedical analysis, which we find to be deficient in two respects.

**{¶ 9}** The first involves the commission's treatment of claimant's work history, which is little more than a recitation of claimant's past jobs. The commission's attempt to add a substantive dimension to this recitation by using the phrases "wide and varied" and "flexibility and adaptability" fails. Such hollow

phrases are reminiscent of the boilerplate previously decried in *Noll,* and simply restate what the earlier recitation had already revealed — that claimant had worked many jobs prior to injury. These phrases do not explain how claimant's occupational history enhances his reemployment potential.

{¶ 10} We also find the commission's explanation to be inadequate for a second reason. The cornerstone of the commission's order is the future—the many years of work-force participation available to one of claimant's age. The commission's order, however, merely says that this availability exists. It does not address whether claimant is, or could be, vocationally capable of taking advantage of it. The order says nothing about claimant's retraining or rehabilitation potential.

{¶ 11} We conclude, therefore, that the commission's order violates *Noll*. We do not, however, find that relief pursuant to *Gay* is appropriate. *Gay* relief is intended for only the most egregious of situations, where the evidence is so one-sided as to compel but one result. This is not the case here. Claimant's young age and moderate level of impairment are inconsistent with the evidentiary one-sidedness necessary to sustain such a remedy.

{¶ 12} Accordingly, we reverse the judgment of the court of appeals and return the cause to the commission for further consideration and amended order pursuant to *Noll.*

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 13} The appropriate standard for this court's review is to determine whether there is "some evidence" in the record to support the stated basis for the commission's decision. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Because the record below contains "some evidence" in support of the commission's decision, I would affirm the court of appeals.

---