[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION
 ON OBJECTIONS TO THE MAGISTRATE'S DECISION IN MANDAMUS
Relator, Thomas Paul Tully, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio ("commission"), to vacate its order that denied his application for permanent total disability compensation, and to enter a new order which includes consideration of injuries sustained by relator in a 1968 industrial claim.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. The magistrate concluded that R.C.4123.52 precluded consideration of relator's allowed 1968 industrial injury, which resulted in the partial amputation of four digits of relator's left hand, in determining whether relator was entitled to permanent total disability compensation. Relator has filed objections to the magistrate's decision.
Relator argues that, unlike State ex rel. Whetstone v.Bonded Oil Co. (1995), 73 Ohio St.3d 205, and State ex rel. LeVanv. Young's Shell Serv. (1997), 80 Ohio St.3d 55, which held that a nonallowed condition could not be considered among "all other factors" as set forth in State ex rel. Stephenson v. Indus. Comm.
(1987), 31 Ohio St.3d 167, his allowed 1968 claim, although expired pursuant to R.C. 4123.52, was, nonetheless, still an allowed condition and must be considered by the commission. Relator argues that R.C. 4123.52 only precludes the commission from granting any further compensation in the 1968 claim.
In Whetstone and LeVan, the Ohio Supreme Court held that nonallowed conditions were not entitled to be considered pursuant to the requirements of Stephenson. In Whetstone, the court stated, at 207:
 Claimant has a nonallowed pre-existing condition that Dr. Howard described as a "passive aggressive personality disorder with explosive features." Claimant asserts that this condition falls within the "all other factors" of which Stephenson demands consideration.
 Claimant's position effectively nullifies the important distinction between allowed and nonallowed conditions by according the two equal consideration, the latter under the guise of "all other factors." Claimant's proposition also effectively permits a claimant to receive permanent total disability compensation by combining the most insignificant work injury with serious nonindustrial health problems. Being unable to ascribe either intent to Stephenson, we reject claimant's argument.
While we agree with relator that Whetstone and LeVan are not apposite herein, nonetheless, we conclude that the clear language of R.C. 4123.52 precludes consideration of a 1968 terminated claim in a 1996 application for permanent total disability compensation. R.C. 4123.52 provides:
 * * * No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of medical benefits under this chapter * * *. [Emphasis added.]
To allow consideration of relator's 1968 claim in the absence of the payment of medical benefits for that claim in the interim, would be permitting the commission to make an award in a claim, that is the 1996 application for permanent total disability compensation, based on a claim more than six years from the date of injury.
Therefore, upon a review of the magistrate's decision and an independent review of the file, this court adopts the magistrate's decision as its own and relator's objections to the magistrate's decision are overruled, and the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
BRYANT and PETREE, JJ., concur.