### State ex rel. Cupp v. Indus. Comm.
### Case No. 89AP96
### Franklin County, (10th)
### Decided January 23, 1990
[Cite as 1 AOA 375]

*Hochman & Associates, and Mr. John W. Reed, Jr., for relator.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Mr. Michael L. Squillace, for respondent Industrial Commission of Ohio.*

*Schottenstein, Zox & Dunn, Mr. Robert D. Weisman and Mr. Daniel P. Jones, for respondent ANR/Associated Truck Lines, Inc.*

MARTIN, J.

This is an original action in mandamus brought by relator seeking an order from this court directing respondent Industrial Commission of Ohio to vacate an order denying relator permanent total disability compensation. Relator further seeks an order from this court directing the Industrial Commission to award relator permanent total disability compensation in accordance with the evidence contained in the claim file.

Relator, James W. Cupp, was injured July 31, 1979, during the course of his employment with respondent ANR/Associated Truck Lines, Inc. ("employer"), for which injury relator's claim was subsequently allowed for "left leg, low back, right leg[.]" Subsequently, on November 2, 1987, relator applied for permanent and total disability, stating that the last date on which he was gainfully employed was September 8, 1982. The application was supported by the reports of two physicians. Relator also supplied the commission with a "vocational assessment" report, dated October 23, 1987, from a vocational expert. The Industrial Commission, by an order dated September 7, 1988, denied relator's application for permanent and total disability benefits stating in part:

> "That the Commission further find that the claimant is not permanently and totally disabled; that therefore the Application is denied.
> "The reports of Doctors Siehl and McCloud were reviewed and evaluated.
> "This order is based particularly upon the reports of Doctor McCloud, a consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the instant Application, the evidence in the file and the evidence adduced at the hearing."

Relator then commenced the instant action on January 20, 1989, contending that the Industrial Commission abused its discretion when it denied his application for permanent total disability compensation. The matter was referred to a referee of this court pursuant to Civ. R. 53(C) and Section 13, Loc. R. 11 of the Tenth District Court of Appeals. The referee rendered a report on August 28, 1989, which report made certain findings of fact and conclusions of law to which both the Industrial Commission and the employer have filed objections.

The referee recommended that this court issue a writ of mandamus directing the Industrial Commission to vacate its order denying relator's application for permanent total disability compensation. The referee further recommended that the court direct the Industrial Commission to conduct further proceedings to consider all relevant disability factors, specifically the vocational report contained in the file. The referee concluded that the Industrial Commission abused its discretion when it issued an order which failed to comply with the dictates of the decision rendered by the Supreme Court of Ohio in *State, ex. rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167. More particularly, it was the referee's conclusion that the commission's failure to specify that it had considered the vocational report was contrary to the holding of *Stephenson, supra.*

In their objections to the report and recommendation of the referee, both the Industrial Commission and the employer maintain that the referee erroneously concluded that the Industrial Commission failed to comply with the mandate of *Stephenson, supra.* Specifically, both respondents argue that because the commission order indicates that it is based upon a consideration of all nonmedical factors contained in the Statement of Facts prepared by its legal section, it is apparent that the commission implicitly considered the vocational report, since that report was summarized in the Statement of Facts. As support for this position, respondents rely upon the decision of this court rendered in *State, ex rel. Almore,* v. *Indus. Comm.* (Mar. 28, 1989), No. 88AP-209, unreported (1989 Opinions 933).

In *Almore, supra,* this court concluded that, where a party submits to the Industrial Commission documents pertaining to nonmedical factors, it is that party's burden to demonstrate on the record submitted to this court that the commission failed to consider that evidence when its order specifies that such factors were considered. Subsequent to the decision rendered in *Almore, supra,* this court implicitly modified the holding of that case such that "* * * in the instance of a denial of permanent total disability where the application is supported by a report from a qualified vocational specialist, where rehabilitation has

been denied to the claimant, and where it does not appear the claimant can obtain a job which he is able to perform, it is appropriate to hold that the boiler-plate reference to the *Stephenson* factors is insufficient and that the case should be remanded to the Industrial Commission to specifically state how those factors were applied to justify the denial of permanent total compensation to the claimant." *State, ex rel. Noll,* v. *Indus. Comm.* (Sept. 26, 1989), Franklin App. No. 88AP-922, unreported (1989 Opinions 3698, 3700-3701).

As such, in a case such as the instant cause where the commission has premised the denial of permanent total disability compensation upon nonmedical factors, the failure to specify that the Industrial Commission has considered a vocational report submitted by the claimant constitutes a failure to comply with the holding in *Stephenson, supra.* Accordingly, this court concurs in the referee's conclusion that "[p]erhaps the commission did consider the psychological, sociological, and other factors contained in the vocational report, but the commission did not so indicate in its order ***" While the Statement of Facts prepared by the legal section of the Industrial Commission does summarize the contents of the vocational report, the commission's order of September 7, 1988 states only that it has considered the claimant's age, education, work history and other disability factors including physical, psychological and sociological factors which were contained within the Statement of Facts That order does not indicate that the vocational report was reviewed or considered by the Industrial Commission.

Based upon the foregoing, the objections of the Industrial Commission and of the employer are overruled. Accordingly, the report of the referee, as modified by this opinion, is adopted as the opinion of this court. A writ of mandamus will issue directing the Industrial Commission to vacate its order denying relator's application for permanent total disability compensation. The Industrial Commission is directed to conduct further proceedings on relator's application and to consider all relevant disability factors, including the vocational report submitted by relator, and to issue an amended order which complies with the holding of *Stephenson, supra.*

*Objections overruled, writ granted.*

REILLY, J., Concurs.
WHITESIDE, J., Concurring separately.

MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.

WHITESIDE, J., concurring separately:

Although I concur generally in the decision and in the judgment, I feel some additional observations are pertinent. Although the "vocational assessment" report is mentioned in the Statement of Facts relied upon by the respondent commission, it is not accurately summarized since it states only that "*** [t]he report concluded that claimant is not a feasible candidate for rehabilitation." Although such a conclusion might be inferred from the report, such statement is, at best, incomplete since the report goes much further and does not contain such statement. Rather, the vocational assessment report states in part that:

"* * * [I]t is very likely he would still be employed had he not suffered his industrial injury.* * *
"* * *
"Due to his physical limitations, his advancing age and his limited education as well as lack of any appropriate transferable skills it is may opinion, to a reasonable degree of vocational probability, that Mr. Cupp is not feasible for employment at this time nor will he be in the future."

Although under different circumstances a summary in the Statement of Facts might be sufficient, it is not here since, if respondent relied solely upon the Statement of Facts (as it affirmatively states it did), the correct nature of the vocational assessment was not considered.

Furthermore, applying the doctrine of *State, ex rel. Noll,* v. *Indus. Comm.* (Sept. 26, 1989), Franklin App. No. 88AP-922, unreported (1989 Opinions 3698), the nonmedical facts stated in the Statement of Facts tend to require a conclusion different from that reached from respondent thus, necessitating compliance with the requirement that the order state the reason for the determinations which the commission's order herein fails to do.