THE STATE, EX REL. GENERAL MOTORS CORPORATION,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State, ex rel. General Motors Corp., v. Indus. Comm.* (1991), 62 Ohio St.3d 198.]

(No. 90–1483—Submitted September 10, 1991—Decided December 11, 1991.)

*Vorys, Sater, Seymour & Pease, Joseph A. Brunetto* and *Bradley K. Sinnott,* for relator.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace, Gerald H. Waterman* and *Dennis L. Hufstader,* for respondent.

---

*Per Curiam.* Relator's request for relief is twofold: (1) vacation of temporary total disability compensation from October 1, 1987 through April 24, 1988, and (2) a declaration that claimant's disability had become permanent on or about October 1, 1987, so as to preclude further temporary total disability compensation. The first part has already been accomplished by the November 15, 1990 commission order. The second part is relief to which relator has no clear legal right.

We are not being asked, as we generally are, to review a commission decision as to the extent of claimant's disability. With the vacation of the commission's March 9, 1989, September 7, 1989 and January 20, 1990 orders, there is no commission disability decision to review. Instead, we are asked to act as the commission itself and render a disability determination initially. We decline to do so for two reasons: (1) evaluation and credibility of the evidence before it lies with the commission. *State, ex rel. Burley, v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, and (2) disability is determined exclusively by the commission. *State, ex rel. Stephenson, v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946.

For these reasons, we deny relator's request for a writ of mandamus.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.