OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State, ex rel. Albright, Appellee, v. Industrial Commission of Ohio; Matlack, Inc., Appellant.

[Cite as State, ex rel. Albright, v. Indus. Comm. (1992), Ohio St.3d    .]

Workers' compensation -- Commission's order granting or denying benefits to a claimant must specifically state what portion of the evidence has been relied upon, and briefly explain the reasoning for its decision.

(No. 90-2522 -- Submitted February 11, 1992 -- Decided June 3, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-121.

On May 10, 1989, appellee-claimant, Robert L. Albright, Sr., applied for permanent total disability compensation, alleging that such disability resulted from injuries sustained in the course of and arising from his employment with appellant, Matlack, Inc.  The Industrial Commission of Ohio denied claimant's application based:

"* * * [P]articularly upon the reports of Doctors Cassel, Purewal and Mann, consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the instant Application, the evidence in the file and the evidence adduced at the hearing."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion by denying him permanent total disability compensation.  The court of appeals agreed, finding that the commission's boilerplate recitation of the nonmedical disability factors set forth in State, ex rel. Stephenson, v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, did not sufficiently explain the reasons for the commission's decision. Accordingly, the court of appeals vacated the commission's order and returned the cause to the commission for further consideration and an amended order explaining why the claimant was or was not permanently and totally disabled.

This cause is now before this court upon an appeal as of right.

Gallon, Kalniz & Iorio Co., L.P.A., and Theodore A. Bowman, for appellee.

Schottenstein, Zox & Dunn Co., L.P.A., Robert D. Weisman and Corey V. Crognale, for appellant.

Per Curiam.  The court of appeals correctly found that the commission's boilerplate recitation of nonmedical disability factors was insufficient.  See State, ex rel. Noll, v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.  Accordingly,

the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.