OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Ellis, Appellant, v. McGraw Edison Company et al., Appellees.
[Cite as State ex rel. Ellis v. McGraw Edison Co. (1993), Ohio St. 3d      .]
Workers' compensation -- Application for permanent total disability compensation denied when claimant found capable of sustained remunerative employment -- Commission interpretation of nonmedical factors -- Specialized vocational or rehabilitation reports not accorded greater weight than other evidence.
(No. 92-1000 -- Submitted February 2, 1993 -- Decided April 7, 1993.)
Appeal from the Court of Appeals for Franklin County, No. 91AP-727.

Appellant-claimant, Thomas E. Ellis, sustained three low-back injuries while in the course of and arising from his employment as an unskilled laborer with appellee McGraw Edison Company. Claimant did not return to work after the third injury in 1985. In 1989, claimant moved appellee Industrial Commission of Ohio for permanent total disability compensation.

Among the medical evidence presented was commission specialist Dr. J.D. Hutchison's report concluded that claimant was permanently partially, not permanently totally, impaired at twenty-five percent. Dr. Hutchison felt that claimant could: "Resume some light work activity in which he could lift up to 25 to 30 lbs. occasionally and 15 lbs. frequently. He could work both sitting and standing positions as long as he was able to get up and move about and change positions periodically."

On May 3, 1991, the commission denied claimant permanent total disability compensation, writing:

"* * * [T]he claimant is not permanently and totally disabled for the reason that the disability is not total; that is, the claimant is able to perform sustained remunerative employment * * *.

"The reports of Doctors Steiman, Hutchison, Dorgan, [and] McCloud were reviewed and evaluated.

"This order is based particularly upon the reports of Doctors [sic] Hutchison, a consideration of the claimant's age,

education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the instant Application, the evidence in the file and the evidence adduced at the hearing.

"The objective findings contained in the report of Dr. Hutchison reflect claimant is capable of sustained remunerative activity at the light level.  His relatively young age and education reflects [sic] he retains the transferable skills to engage in light job duties."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission's order: (1) was not supported by "some evidence," as required by State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936, syllabus, and (2) inadequately explained why permanent total disability compensation was denied, contrary to State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245.  The appellate court denied the writ.

This cause is now before the court upon an appeal as of right.

Espy & Benton and Fredrick D. Benton, Jr., for appellant.

Squire, Sanders & Dempsey and Preston J. Garvin, for appellee McGraw Edison Co.

Lee I. Fisher, Attorney General, and Merl H. Wayman, Assistant Attorney General, for appellee Industrial Commission.

Per Curiam.  Recognizing that generic permanent total disability orders hindered evidentiary review, Noll, supra, ordered the Industrial Commission to prepare "orders on a case-by-case basis which are fact-specific and which contain reasons explaining its decisions. * * * Such order must specifically state what evidence has been relied upon to reach its conclusion and, most important, briefly explain the basis of its decision."  Id. at 206, 567 N.E.2d at 249.

The order at issue specified that permanent total disability compensation was denied because claimant was found capable of sustained remunerative employment.  It also explained how the commission reached that conclusion.  In this case, the commission found that claimant's age and education aided his retraining for an occupation consistent with his physical abilities.  The order, therefore, satifies Noll.

Despite his assertions to the contrary, claimant's assault on the commission's order deals far more with the commission's interpretation of the nonmedical factors - - particularly claimant's education - - than to the order's form or content. Claimant's position, however, contradicts the commission's role as exclusive evaluator of both disability, State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 172-173, 31 OBR 369, 374, 509 N.E.2d 946, 951, and evidentiary weight, Burley, supra, at 20-21, 31 OBR at 72, 508 N.E.2d at 938.  The commission's present order indicates consideration of nonmedical evidence.  The commission and claimant simply differed on the impact of claimant's nonmedical disability factors.

The commission exercised its prerogative in concluding

that, at age fifty-one, claimant was young, not old, and that his age was a help, not a hinderance.  So, too, is the conclusion with regard to claimant's education, which also derives support from the record.  More so than claimant's age, his education can be interpreted as either an asset or a liability.  While his grade school level of spelling and below-average reading ability clearly can be perceived negatively, the same rehabilitation report that determined these academic skills to be a limitation nonetheless concluded that his high school education was an asset.  The commission was persuaded by the latter conclusion.

Claimant strongly suggests that the commission was bound by another report from the commission's rehabilitation division that concluded that claimant was unemployable.  This claim fails.  Specialized vocational or rehabilitation reports are not accorded greater weight than other evidence.  See State ex rel. Speelman v. Indus. Comm. (1992), 73 Ohio App.3d 757, 598 N.E.2d 192.  To bind the commission to a rehabilitation report's conclusion makes the rehabilitation division, not the commission, the ultimate evaluator of disability, contrary to Stephenson, supra.

For the reasons given above, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  F.E. Sweeney and Pfeifer, JJ., concur.

Resnick, J., concurs in judgment only.