Relator, A.C. Williams, filed this original action seeking a writ of mandamus directing respondent Industrial Commission of Ohio to vacate its order denying compensation for permanent total disability (PTD), and to issue an order granting such compensation or, in the alternative, to issue an order that complies with State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, and State ex rel. Stephenson v. Indus. Comm.
(1987), 31 Ohio St.3d 167.
This matter was referred to a court-appointed magistrate, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate filed a report based on findings of fact and conclusions of law and recommended that this court grant a limited writ of mandamus, returning the matter to the commission for further consideration and a new order, granting or denying PTD and providing an independent analysis of the relevant factors. All parties filed objections to the magistrate's decision.
The commission, after hearing relator's application for PTD in June 1996, denied relator's application. The commission considered five medical reports. However, the commission based its decision on three medical reports submitted by Drs. Greer, Rutherford, and Pinti, all whom examined relator on behalf of the commission. Dr. Greer opined that from a psychological perspective, relator could return to his prior job and could perform his duties of that employment. Dr. Rutherford, from an orthopedic perspective, felt that while relator could not return to his former job, he was capable of sedentary work with certain restrictions. Dr. Pinti performed an employability assessment of relator and identified a number of occupations relator could perform. Specifically, Dr. Pinti determined that relators "age of (46) is not a limiting factor, that his 9th grade education permits him to meet the basic demands of most entry level occupations, and that while his history of heavy work may lead to difficulty adjusting to sedentary jobs in unfamiliar setting[s], his long steady work history indicates he has the potential to develop entry level skills." The magistrate found that the commission's mere recitation of Pinti's findings did not comply with Stephenson and Noll,supra, in providing an analysis of the medical and nonmedical factors and how they interrelate.
"[I]n determining PTD, the commission is required to consider all medical and nonmedical disability factors contained in the record and, in its order, must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." State ex rel. Hayes v. Indus. Comm. (1997), 78 Ohio St.3d 572,575. The Ohio Supreme Court, noting the continuing problem of the commission's failure to state with precision the basis for its decisions stated in Stephenson, supra, that the commission must "look at the claimant's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record in making its determination of permanent total disability." Id. at 173. Addressing the problem again in Noll, supra, the court held that an order from the commission granting or denying benefits to a claimant "must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision. An order of the commission should make it readily apparent from the four corners of the decision that there is some evidence supporting it." Id. at 206. Noncompliance withNoll, supra, is an abuse of discretion and warrants the issuance of a writ of mandamus. Hayes, supra.
The commission's order simply noted the findings that the Pinti report stated. This order is comparable to the analysis the Supreme Court found insufficient in Hayes, supra. In that case, the commission's order noted that:
 ' "In accordance with the assessment of Mr. Kontosh, it is found that the claimant's age of 62 would not prevent her from performing such sedentary jobs, nor would her tenth grade education pose as a barrier to her being retrained to do them. Certainly, her past work history as a nurse's aide would be an asset in obtaining a job as either an Outpatient Admitting Clerk or Hospital Admitting Clerk." ' Id. at 576.
The court found that this statement provided "no insight into how the various nonmedical disability factors in this case support the denial of PTD compensation." Id. The commission's order in the present case similarly fails to adequately provide any such insight into how the nonmedical factors that Pinti disclosed combined with the medical impairments to justify the decision to deny PTD compensation. The mere recitation of relator's age, education, and work experience does not constitute an "explanation" of the commission's decision as required under Noll. State ex rel. Hunter v. Indus. Comm. (Mar. 1, 1994), Franklin App. No. 93AP-374, unreported (Memorandum Decision), citing State ex rel. Fields v. Indus. Comm. (1993),66 Ohio St.3d 437, 439. Therefore, the magistrate's issuance of a limited writ of mandamus to require the commission to provide an independent analysis for the granting or denying of PTD was proper and the objections to that decision are overruled.
Relator objects to the magistrate's denial of relief underState ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. Gay found that "where the facts of the case indicate that there is a substantial likelihood that a claimant is permanently and totally disabled, courts are not and will not be precluded from ordering [the commission], in a mandamus action, to award [PTD] * * * " Id. at 323. The magistrate found that such relief was not warranted given the age of relator and the presence of the independent expert's report supporting the conclusion that relator could work.
"Gay relief is mandamus relief, the standard for which, in extent of disability cases, is an abuse of discretion." Stateex rel. Pass v. C. S. T. Extraction Co. (1996), 74 Ohio St.3d 373,376. "There is no abuse of discretion where there is 'some evidence' in support." Id. The same court held that Gay relief is a narrow exception to the general rule of returning orders that failed to comply with Noll, supra, to the commission. Such relief should be only awarded in extraordinary circumstances.
In the present case, there are no such extraordinary circumstances to warrant Gay relief as requested by relator. The reports of the various doctors alluded to in the commission's order do constitute "some evidence" to support the commission's finding. Therefore, absent such an abuse of discretion, Gay relief is not warranted and relator's objection is overruled.
Relator makes two other objections to the magistrate's decision. First, he contends that the magistrate erred in finding that a commission's finding that relator was not precluded from performing sustained remunerative employment effectively stated that he was able to perform such employment. Second, relator contends that the Pinti report did not support the commission's order. Relator presents no case law that would support either of these objections. Upon an independent review and finding no error or defect on the face of the magistrate's decision, we overrule relator's final two objections.
Having overruled all objections, we adopt the decision of the magistrate, including the findings of fact and conclusions of law contained in it. We, therefore, affirm the magistrate's grant of a limited writ of mandamus, returning this matter to the commission for further consideration and a new order, granting or denying PTD and providing an independent analysis of the relevant factors.
Objections overruled; limited writ of mandamus granted.
BOWMAN and TYACK, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.