Relator, Wayne D. Spencer, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying his application for permanent total disability ("PTD") compensation and to enter an order granting him PTD compensation pursuant to State ex rel. Gay v. Mihm
(1994), 68 Ohio St.3d 315, or, in the alternative, to issue a new order in compliance with State ex rel. Noll v. Indus. Comm.
(1991), 57 Ohio St.3d 203.
Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court, who examined the evidence and issued a decision including findings of fact and conclusions of law. The magistrate determined that the commission's order fails to comply with Noll, supra, and recommended that this court issue a writ of mandamus ordering the commission to vacate its order denying relator's PTD application, and to enter a new order in compliance with Noll, which either grants or denies relator's PTD application. The commission and the employer have objected to the magistrate's decision, arguing that the order satisfies Noll. Relator objects to the magistrate's conclusion that Gay relief would not be appropriate.
In its order, the commission concluded that relator could never return to his former position of employment but that he could perform, or be retrained to perform, more sedentary employment. As such, it was incumbent upon the commission to consider the factors set forth in State ex rel. Stephenson (1987),31 Ohio St.3d 167, and to adequately explain in its order how those factors combine with the allowed medical impairments to qualify relator for sustained remunerative employment.
The commission's order identified relator's age of fifty-five years, his tenth grade education, his limited ability to read, write and perform basic math and his twenty-three years of work experience as a construction laborer/mason tender. The commission found relator's age to be neither a positive nor negative vocational factor. After acknowledging that relator's work experience and primarily heavy labor skills were not directly transferable to more sedentary employment, the commission noted that relator had developed the following work traits which were conducive to finding sedentary employment; the "[a]bility to adjust to new job sites, follow directions and work reliably and dependably for a long period of time." As a construction worker, relator's job duties primarily involved using a mortar mixer, driving a high lift and keeping the brick layers supplied with bricks. Because relator worked out of a union hall, he worked at different locations, performing various jobs within the masonry/construction field.
Aside from the fact that relator had proven himself to be a reliable and dependable worker for a long period of time and could follow directions, the commission offered no explanation as to how the other factors make relator employable. Although the commission made findings of fact with regard to relator's education and work history, the commission provided no explanation as to how those factors positively impacted on relator's ability to find sedentary employment. Accordingly, we agree with the magistrate's conclusion that the commission's order did not comply with Noll.
We further agree with the magistrate that relator's request for relief consistent with Gay is inappropriate in this case. Relator has a relatively low degree of physical impairment. In addition, the record contains both positive and negative non-medical disability factors. As such, the cause is more properly returned to the commission for further consideration and an amended order.
Upon an examination of the magistrate's decision and an independent review of the file, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein. As such, we overrule the objections to the magistrate's decision and hereby issue a writ of mandamus ordering the Industrial Commission of Ohio to vacate its order denying relator's request for permanent total disability compensation, and to enter an order in compliance with Noll,supra, either granting or denying relator's application for permanent total disability compensation.
Objections overruled; writ of mandamus granted.
BROWN, J., and LAZARUS, P.J., concur.