IN MANDAMUS ON OBJECTION TO THE MAGISTRATE'S DECISION MEMORANDUM DECISION
On December 13, 1982, relator, Howard Cunningham, was injured in the course and scope of his employment with Circle Petroleum, Inc.[1] Relator's claim for workers' compensation benefits was subsequently allowed for "acute musculoskeletal strain and contusion lower lumbar region; compression fracture at D-11; osteoarthritis of the lumbar spine; [and] major depression."
On November 15, 1995, relator filed an application for permanent total disability ("PTD") compensation with respondent, Industrial Commission of Ohio ("commission"). Following a June 11, 1996 hearing, a Staff Hearing Officer issued an order denying relator's PTD application. The order stated, in pertinent part, as follows:
 The Staff Hearing Officer notes that claimant stopped working in 1983 at the age of 51 and has not been employed since, nor attempted to enhance his marketable skills. Claimant had ample time, 13 years, to pursue some type of marketability enhancement by contacting the State of Ohio Bureau of Vocational Rehabilitation for on the job training or GED classes. Pursuant to [State] ex rel Speelman v. Industrial Commission (1992) 73 Ohio App.3d 757, the Commission in considering a claim for permanent total disability, may consider not only past employment skills, but also those skills which may reasonable [sic] be developed. Here claimant was not motivated to develop additional skills.
On October 22, 1996, relator filed an original action requesting that this court issue a writ of mandamus ordering the commission to vacate its order denying relator's application for PTD compensation. Relator argued that the commission abused its discretion in denying PTD compensation by concluding that he had thirteen years to pursue some type of marketability enhancement. Specifically, relator argued that the commission's finding regarding his lack of retraining efforts impermissibly suggested a duty to begin efforts to retrain on the day following the industrial injury and that it was improper to expect him to make an effort at enhancing his re-employment potential during the ten-year period he was receiving TTD compensation. The matter was referred to a magistrate of this court, who concluded that the commission did not abuse its discretion by considering relator's failure to retrain after his industrial accident. This court adopted the magistrate's findings of fact and the legal conclusion that the commission did not abuse its discretion in considering relator's failure to retrain since his industrial accident. However, this court rejected the magistrate's discussion of the commission's failure to consider the report of Dr. R. Dean Coddington. Accordingly, this court ordered the commission to vacate its order denying the PTD application, and, after considering all the evidence, to enter an order granting or denying the application, citing the evidence relied upon and the reasons for its decision. State ex rel. Cunningham v. Indus.Comm. (Sept. 11, 1997), Franklin App. No. 96APF10-1376, unreported (Memorandum Decision).
Pursuant to the writ issued by this court, the commission vacated its prior order and, after a February 4, 1998 hearing, issued a new order again denying the PTD application. In the new order, the commission cited the findings contained in the prior order regarding relator's thirteen-year failure to pursue any type of marketability enhancement. After discussing relator's nonmedical disability factors as required by State ex rel.Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, the commission concluded that relator maintained the potential to return to the job market by using past employment skills or skills which might reasonably be developed.
On October 7, 1998, relator filed the instant mandamus action asking that this court issue a writ of mandamus directing the commission to vacate its order denying relator's application for PTD compensation, and to issue an order granting said compensation. Relator again challenged the commission's finding that relator had ample time, thirteen years, to pursue some type of marketability enhancement, but was not motivated to do so. Once again, relator argued that the commission's finding in this regard impermissibly suggested a duty to begin retraining efforts on the day following the industrial injury and that it was improper to expect him to make an effort at enhancing his re-employment potential during the period he was receiving TTD compensation. The matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 12(M). The magistrate issued a decision, which included comprehensive findings of fact and conclusions of law. Therein, the magistrate rejected relator's challenges to the commission's order, stating:
 * * * To begin, the commissions [sic] did not suggest that relator had the duty to begin retraining efforts the day after his industrial injury. The gist of the commission's finding is that relator had ample time to make efforts to enhance re-employment.
 Moreover, relator fails to explain why the receipt of TTD compensation precluded him from undertaking GED classes or pursuing other types of marketability enhancement. While relator is certainly precluded from working while receiving TTD compensation, he is not precluded from other types of activities that could enhance future employment marketability.
 Relator cites no authority to support the proposition that the commission should limit its inquiry into retraining efforts to the period after TTD termination. Moreover, relator presented no evidence that he attempted to enhance his marketability after March 1993. [Magistrate's Decision at 6-7.]
Accordingly, the magistrate concluded that relator's request for a writ of mandamus should be denied.
Relator filed an objection to the magistrate's decision, in which he reargues the issues previously addressed and considered by the magistrate. The matter is now before this court for independent review.
Relator's objection to the contrary, this court finds that the magistrate properly determined the pertinent facts and applied the relevant law to those facts. Having completed an independent review, this court finds no error in either the magistrate's decision or analysis. Accordingly, this court overrules relator's objection and adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein. As such, relator's request for a writ of mandamus is hereby denied.
Objection overruled; writ denied.
BOWMAN and TYACK, JJ., concur.
[1] Circle Petroleum ceased operation in 1983 and is no longer doing business.