[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] IN MANDAMUS
 MEMORANDUM DECISION
In 1991, relator, Adelbert Jones, sustained an industrial injury which was subsequently allowed for lumbar sprain and depression. In June 1998, relator filed an application for permanent total disability ("PTD") compensation with respondent Industrial Commission of Ohio ("commission"). The commission denied relator's PTD application following a December 1998 hearing, whereafter relator filed this original action asking that we issue a writ of mandamus directing the commission to vacate its order, and to issue an amended order which complies with the requirements set forth by the Ohio Supreme Court in State ex rel.Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, and State ex rel.Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167.
On May 19, 1999, relator's complaint was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who later rendered a decision and recommendation which included comprehensive and specific findings of fact and conclusions of law. Particularly, the magistrate analyzed the record and the briefs of the parties and concluded that this court should grant relator's request for a writ of mandamus as the commission's decision denying relator's PTD application is not based upon some evidence. No objections to the magistrate's decision have been filed.
Having reviewed the matter, this court concludes the magistrate discerned the pertinent legal issues and properly applied the applicable law to those issues. Having completed our review, we have found no error in either the magistrate's decision or analysis. Accordingly, we hereby adopt the magistrate's decision as our own, including the findings of fact and conclusions of law rendered therein. In accordance with the magistrate's decision, we hereby instruct the commission to vacate its order denying relator's application for PTD compensation, and to: (1) obtain a new specialist examination regarding relator's psychological condition, (2) hold a new hearing on relator's application, and (3) to issue a new order granting or denying PTD compensation which complies with the applicable law.
Limited writ granted.
KENNEDY and TYACK, JJ., concur.