[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 18.]

THE STATE EX REL. JERDO, APPELLANT, *v.* PRIDE CAST METALS, INC., ET AL., APPELLEES.

[Cite as *State ex rel. Jerdo v. Pride Cast Metals, Inc.*, 2002-Ohio-1491.]

*Workers' compensation—Industrial Commission's termination of claimant's permanent total disability compensation while earning a weekly salary as a licensed minister upheld by court of appeals—Court of appeals' judgment affirmed.*

(No. 01-643—Submitted January 29, 2002—Decided April 3, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-646.

————————————

*Per Curiam.*

{¶ 1} Appellant-claimant, Saul T. Jerdo, was industrially injured while working for Pride Cast Metals, Inc. in 1985, and a workers' compensation claim was allowed. Claimant was awarded permanent total disability compensation ("PTD") in 1992.

{¶ 2} In 1998, it was learned that concurrent with his receipt of weekly PTD compensation, claimant was earning a weekly salary of approximately $500 to $600 as a licensed minister. The Bureau of Workers' Compensation moved for termination of PTD, a declaration of fraud, and a declaration of overpayment. Appellee Industrial Commission of Ohio granted the motion, writing:

"[C]laimant's functioning as a church pastor for which he received remuneration constitutes engaging in sustained remunerative employment. Therefore, the Staff Hearing Officer finds that all * * * Permanent Total Compensation * * * in the claim is declared overpaid. The Staff Hearing Officer orders that Permanent Total Compensation terminate immediately since the claimant continues to engage in gainful employment. The Staff Hearing Officer

further finds that claimant's employment while receiving compensation constitutes fraud. Specifically, the claimant failed to notify the Bureau of Workers' Compensation of his position as pastor and receipt of compensation for that position; the Bureau of Workers' Compensation paid compensation based on the claimant's misrepresentation of his employment activities; the claimant had knowledge of the falsity of his misrepresentation, as demonstrated by his indication to the Bureau of Workers' Compensation that he was not working[,] on forms sent to him; the claimant intended to mislead the Bureau of Workers' Compensation, knowing that his employment would cease the compensation paid to him by the Bureau of Workers' Compensation; the Bureau of Workers' Compensation justifiably relied on the claimant's misrepresentation in paying compensation to the claimant; and the Bureau of Workers' Compensation was financially harmed in making payment of compensation to the claimant, while he was employed."

{¶ 3} This decision was upheld by the Court of Appeals for Franklin County against a challenge in mandamus, and is now before this court upon an appeal as of right.

{¶ 4} Claimant freely admits that during the seven years that he received PTD compensation—for an alleged inability to do sustained remunerative work—he also received a yearly salary between $24,000 and $29,000 as a minister. Claimant, however, assures us that this is indeed appropriate because he is a minister.

{¶ 5} PTD is not payable to anyone who is performing or *can* perform sustained remunerative employment. *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946. Claimant asserts that his pastoral duties cannot be considered "employment" under R.C. 4123.01(B) because as a minister he is not an "employee." He relies on R.C. 4123.01(A)(2)(a), which specifically exempts clergy from the definition of "employee" unless the employing church notifies the bureau in writing of its desire to have its minister considered an

"employee" for workers' compensation purposes. We disagree with claimant's argument.

{¶ 6} First, claimant forgets the key element of PTD compensation. It doesn't matter whether claimant is actually engaged in sustained remunerative employment. What matters is whether claimant is medically *capable of* performing sustained remunerative work, and *capability* is not dependent on the claimant's status as a current employee.

{¶ 7} Second, PTD is intended to compensate for a one hundred percent impairment of earning capacity. *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 212, 631 N.E.2d 138. Here, claimant retains an earning capacity and is, moreover, actually earning as a result of sustained employment. His receipt of PTD while working is, therefore, inconsistent with the purpose of this compensation.

{¶ 8} Claimant argues that there are "many" situations in which claimants are allowed to engage in sustained remunerative employment and draw PTD, but ultimately cites only one—R.C. 4123.58(C)'s automatic award of PTD to a worker who has lost two or more limbs. This contention is rejected. R.C. 4123.58(C) carves a limited exception for the severest of injuries. Claimant's attempt to equate his position with those covered by R.C. 4123.58(C) so as to justify both compensation and wages is rejected.

{¶ 9} Claimant is seeking to create a definition in R.C. 4123.01 that was intended to guide *employers* on obtaining coverage and reporting payroll for premium coverage purposes. It was not intended as a method for permitting a claimant to receive both wages and PTD. There is no justification for dual receipt, and the suggestion that claimant's occupation creates a special exception is without merit.

{¶ 10} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Clements, Mahin & Cohen, L.L.P.,* and *Lane N. Cohen*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Stephen D. Plymale*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

————————————