[Cite as *State ex rel. Shetler v. Indus. Comm.*, 2017-Ohio-1063.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Dan Shetler, | : | |
| Relator, | : | |
| v. | : | No. 16AP-119 |
| Industrial Commission of Ohio and | : | (REGULAR CALENDAR) |
| John Detweiler, | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 23, 2017

**On brief:** *Law Office of Stanley R. Jurus,* and *Frank A. Vitale,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *Amanda B. Brown,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator Dan Shetler initiated this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his application for permanent total disability ("PTD") compensation and to enter an order finding that he is entitled to that compensation.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the

appended decision, including findings of fact and conclusions of law. The magistrate determined that Shetler has not demonstrated that the commission abused its discretion in denying his application for PTD compensation. Thus, the magistrate recommends this court deny Shetler's request for a writ of mandamus.

{¶ 3} Shetler has filed an objection to the magistrate's decision. Shetler asserts the magistrate erred in finding some evidence in the record supporting the commission's factual conclusion that he has not made any effort since his injury to return to the workforce. According to Shetler, the commission abused its discretion in denying his application for PTD compensation based on this factual conclusion because it was not supported by some evidence in the record. The argument Shetler presents in his objection is the same argument that was presented to and rejected by the magistrate. We agree with the magistrate's rejection of this argument.

{¶ 4} In support of his argument, Shetler cites his testimony before the commission indicating that for two days in approximately 2009 he operated a tractor and brush clearing machine on his brother's farm. After operating the tractor, Shetler had to be lifted from it by others because he could not get off on his own accord. While this testimony indicates Shetler attempted to perform non-sedentary labor for his brother after his injury, this attempt occurred when Shetler was medically limited to sedentary employment. Shetler does not assert that he ever attempted, after his injury in 1980, to return to the workforce in a capacity within his physical ability. Considering Shetler's concession that his only attempt to return to work was his failed two-day effort to perform labor beyond his physical ability on his brother's farm, it was reasonable for the commission to find that Shetler had not made any legitimate effort to re-enter the workforce. Therefore, we conclude that the magistrate correctly determined that the commission's challenged factual finding was supported by some evidence. Accordingly, we overrule Shetler's sole objection to the magistrate's decision.

{¶ 5} Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate correctly determined that Shetler is not entitled to the requested writ of mandamus. The magistrate properly applied the pertinent law to the salient facts. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact

and conclusions of law contained therein.  We therefore overrule Shetler's objection to the magistrate's decision and deny his request for a writ of mandamus.

*Objection overruled;*
*writ of mandamus denied.*

**TYACK, P.J., and KLATT, J., concur.**

---

<u>APPENDIX</u>

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Dan Shetler, | : | |
| Relator, | : | |
| v. | : | No. 16AP-119 |
| Industrial Commission of Ohio and | : | (REGULAR CALENDAR) |
| John Detweiler, | : | |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 20, 2016

*Law Office of Stanley R. Jurus,* and *Frank A. Vitale,* for relator.

*Michael DeWine,* Attorney General, and *Amanda B. Brown,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 6} Relator, Dan Shetler, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denies his application for permanent total disability ("PTD") compensation, and ordering the commission to find that he is entitled to that compensation.

Findings of Fact:

{¶ 7}   1. Relator sustained a work-related injury on September 9, 1980, and his workers' compensation claim has been allowed for the following conditions:  "thoracic-lumbar spine strain; compression fracture T8; clinical depression."

{¶ 8}   2.  Relator filed his first application for PTD compensation on December 3, 1986.  Following a hearing on April 6, 1988, the application was denied.

{¶ 9}   3. Relator filed his second application for PTD compensation on August 20, 1996.   In that application, relator noted that he began receiving Social Security Disability Benefits in August 1992.

{¶ 10}  4. Relator's application was heard before a staff hearing officer ("SHO") on April 23, 1997, and was denied.  The SHO relied on medical reports from Drs. Soni and VanAuken, who opined that, from both a physical and a psychological standpoint, relator was capable of returning to his former position of employment.

{¶ 11}  5.  Relator filed his third application for PTD compensation on January 15, 1998.

{¶ 12}  6.  The matter was heard before an SHO on July 21, 1998, and was denied. The SHO relied on reports from Drs. Tosi, VanAuken, and Soni, who opined that relator was capable of returning to his former position of employment.

{¶ 13}  7.  Relator filed his fourth application for PTD compensation on July 30, 1999.

{¶ 14}  8.  The matter was heard before an SHO on June 28, 2000, and was denied.  The SHO relied on reports from Drs. Byrnes and Blankenhorn.  Dr. Byrnes opined that relator's allowed psychological condition had reached maximum medical improvement ("MMI") and indicated that his psychological condition would allow him to return to his former position of employment.  Dr. Blankenhorn opined that relator's allowed physical conditions had also reached MMI and that relator was capable of returning to sedentary work.

{¶ 15}  Thereafter, the SHO discussed the non-medical disability factors, stating:

> The claimant is 59 years old. Such age is neither a negative, nor a positive factor for re-employment. While some employers prefer younger employees with more available

work years remaining, other employers prefer more mature, experienced employees.

The claimant completed the 9th grade in school. He testified that he was "not interested in school," and quit school to go to work. Dr. Byrnes wrote that the claimant received B's in school when he was interested in his studies, and also indicated that the claimant "appears to be of average intellectual ability. His memory was fairly good. He retains the capacity to learn." This hearing officer finds such factors adequate for at least most entry level jobs within the claimant's physical restrictions. Further such factors support a finding that the claimant is capable of being re-trained for entry level work within his restrictions.

The claimant worked in a factory after terminating his formal schooling. Additionally, the claimant has worked as a farm hand, and carpenter. The claimant performed both rough and finish carpentry tasks, at times supervising up to four workers. After his industrial injury, the claimant learned clock and watch repair, but did not engage in such activity for any sustained period. The claimant testified that he learned each job through on the job training, and had been self-employed as a carpenter, mainly working on Saturdays.

Such a job history demonstrates an ability to learn new tasks after a short period of training, to work independently, to make independent judgments, to perform varied tasks, to do precise work, to work at close tolerances, and to direct others. This hearing officer finds the claimant does possess some skills, which would be transferable to other employment.

For many years, the claimant had been a speaker for Alcoholics Anonymous, at times appearing in Akron, Columbus, and other locals. The claimant testified that he has not received any wages or donations for his appearances, and has not spoken at any events since February of 2000, when he spoke in Akron.

The claimant testified that he can read, write, and do basic math. He balances his checkbook, reads the Bible, and attends Alcoholics Anonymous meetings twice a week. Being Amish, he said that he continues to take care of his horses as needed, does drive his horse and buggy, and attends church every other week.

Mark A. Pinti, M.S., CRC, CCM, ABVE, in his "Employability Assessment Report to the Industrial Commission of Ohio," dated 3-26-2000, opines that the claimant has the following employment options, when considering the residual functional capacities listed by Dr. Blankenhorn: cashier; light assembly; order clerk, food and beverage; addresser; stuffer. This hearing officer accepts these jobs as employment options for this claimant.

Based on the above listed medical capacities and the non-medical disability factors, this staff hearing officer finds that this claimant's disability is not total, and that this claimant is capable of engaging in sustained remunerative employment, or being retrained to engage in sustained remunerative employment. Therefore, the claimant's request for an award of Permanent Total Disability benefits is denied.

{¶ 16} 9. Relator filed his fifth application for PTD compensation on February 18, 2014.

{¶ 17} 10. The matter was heard before an SHO on December 15, 2015. The SHO relied on the reports of Drs. Lyall and Glazer. Dr. Lyall determined that relator's allowed psychological condition resulted in a 15 percent permanent partial disability and did not limit his ability to return to work.

{¶ 18} Dr. Glazer concluded that relator had a 20 percent whole person impairment for the allowed physical conditions and was capable of returning to sedentary work.

{¶ 19} Thereafter, the SHO discussed the non-medical disability factors as well as relator's failure to attempt any type of vocational rehabilitation since 1989, and denied the application for PTD compensation, stating:

The Injured Worker's age at the time of this hearing is 74 years old.

The Injured worker's age is well past the normal retirement age and is a negative factor in him obtaining entry level positions.

The Injured Worker's education is that of going to the 8th grade and at hearing on the IC-2 application he [indicated] he had to to go work and at hearing he indicated that he had to go to work for his father at that time.

The Injured Worker indicates that he has not had any other schooling or that he attempted to get a GED during this period of time.

The Hearing Officer finds that the Injured Worker's education is a negative factor in him obtaining an entry level position.

The Injured Worker's work experience consisted of being a carpenter in construction and working at a factory at 16 years of age for one year.

The Hearing Officer finds that the Injured Worker's former occupation is also a negative factor in the Injured Worker obtaining any type of entry level position.

The Hearing Officer finds that pursuant to documentation in file the Injured Worker has not attempted any type of vocational rehab since 1989.

The Hearing Officer finds that although the Injured Worker has a negative response to the age, education and work issues, and the fact that the Injured Worker has not attempted any type of vocational rehab since 1989 and only did it sparingly prior to that time, that the Injured Worker has not submitted sufficient probative medical documentation to establish that he is permanently and totally disabled, therefore the Injured Worker's request for granting of the application for permanent and total disability compensation is denied.

Taking into consideration the [] Injured Worker is part of the [A]mish community, the fact that he has not attempted any type of effort to get back into the workforce or to prepare himself better to engage in the workforce, leads this Hearing Officer to indicate that the request for permanent and total disability which was filed on 02/18/2014 is as indicated, denied.

{¶ 20} 11. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 21} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 22} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 23} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. *State ex rel. Domjancic v. Indus. Comm.*, 69 Ohio St.3d 693 (1994). Generally, in making this determination, the commission must consider not only medical impairments but also the claimant's age, education, work record and other relevant non-medical factors. *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167 (1987). Thus, a claimant's medical capacity to work is not dispositive if the claimant's non-medical factors foreclose employability. *State ex rel. Gay v. Mihm*, 68 Ohio St.3d 315 (1994). The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991).

{¶ 24} Relator argues that the commission abused its discretion when it found that he made no effort to return to the workforce. Relator points to the transcript from the hearing before the SHO where he indicated that, approximately six years earlier (2009) he tried to help his brother, who owns a farm, by spending two days driving a tractor to help clear the land. Relator testified that he was unable to do this for more than two days. Because he made this effort, relator asserts the commission abused its discretion when it stated that he made no attempt to return to the workforce.

{¶ 25} As noted in the finding of fact, relator was injured on September 9, 1980. His first application for PTD compensation was denied in 1988; his second application was denied in 1997; and his third application was denied in 1998. In both 1997 and 1998, the commission determined that relator was capable of returning to his former position of employment. Despite an ability to do so, there is no evidence in the record that relator attempted to return to any work at that time. Relator's fourth application for PTD compensation was denied in 2000. The commission relied on medical reports indicating that his psychological condition did not preclude him from returning to work

and that, from a physical standpoint, he could return to sedentary work. The commission referenced a March 2000 employability assessment which indicated that relator had several employment options including cashier, light assembly, order clerk, food and beverage, addresser, and stuffer. Despite an ability to return to some form of employment, relator chose not to do so.

{¶ 26} Between June 2000, when his fourth application for PTD compensation was denied, and December 2015, when his fifth application for PTD compensation was denied, relator testified that he spent two days (perhaps in 2009) trying to drive a tractor on his brother's farm. As such, relator acknowledges that, in 26 years, despite medical evidence and determinations from the commission finding that he was capable of returning to his former position of employment, and later that he was capable of returning to sedentary employment, relator made no efforts to do so until 2009 when he tried to drive a tractor for his brother for two days.

{¶ 27} The magistrate finds that it was not an abuse of discretion for the commission to find that relator had not attempted any vocational rehabilitation since his one attempt in 1989. At a time when he was only able to perform sedentary work, it appears that relator attempted to do work which was not sedentary. There is no evidence that he contacted the Ohio Bureau of Workers' Compensation's vocational rehabilitation unit or that he took any other steps towards preparing himself to re-enter the workforce. PTD compensation is not intended to compensate injured workers for simply getting older. Relator was only 41 years of age when he was injured in 1980 and his fifth application for PTD compensation was heard when he was 74 years of age. At that time, his allowed psychological condition was not work prohibitive and his allowed physical conditions would permit him to perform only sedentary work.

{¶ 28} Relator takes issue with the SHO's statement that he had "not attempted any type of effort to get back into the workforce" when he testified that he tried to drive a tractor on his brother's farm. In essence, it could be said that, in 26 years, and at a time when he was limited to sedentary work only, relator made one attempt to return to a job which was outside his physical abilities because it was not sedentary.

{¶ 29} Relator had several years when he could have participated in vocational rehabilitation services, improved his education, enhanced his skills, and made some real

effort to return to the workforce. The magistrate finds, as did the commission, that relator chose not to do so. Given that he began receiving Social Security Disability Benefits in 1992 and, according solely to his testimony, tried to drive a tractor on his brother's farm at a time when such a position would have been outside his physical abilities, the commission's finding does not constitute an abuse of discretion.

{¶ 30} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion when it denied his application for PTD compensation, and this court should deny his request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).