DECISION
{¶ 1} Relator, Carolyn J. Weimer, filed an original action in this court seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied her application for permanent total disability ("PTD") and to order the commission to grant her PTD compensation. In the alternative, relator requests a writ of mandamus ordering the commission to consider the vocational report she submitted before re-determining whether she is entitled to PTD compensation.
 {¶ 2} The case was submitted to a magistrate of this court who, on July 24, 2002, rendered her decision containing findings of fact and conclusions of law, finding that relator has not demonstrated that the commission abused its discretion in denying her application for PTD compensation and recommending that this court deny relator's request for a writ of mandamus.
 {¶ 3} Relator has filed a timely objection to the magistrate's decision, asserting that the magistrate erred in concluding that respondent's physician, Carl Hartung, the vocational evaluator for the Industrial Commission, was merely making an observation about Mr. Mangiarelli's report, rather than adopting the position taken by Mangiarelli in his report. In effect, relator argues that Mangiarelli's report correctly found employability limitations mandating a finding of PTD, and that those limitations were accepted as true by Hartung, leaving no conflict as to relator's inability to find employment.
 {¶ 4} There are no objections to the magistrate's findings of fact and the findings of fact are accepted by the court.
 {¶ 5} The commission responds to relator's objection by first asserting that it fails to comply with the requirements of Civ.R. 53(E)(3)(b), and should be stricken and not considered by this court.
 {¶ 6} Civ.R. 53(E)(3)(b) governs the filings of objections to the magistrate's report providing "objections shall be specific and state with particularity the grounds of objection." As the commission points out, relator's objection merely paraphrases arguments in briefs submitted previously and that no where in her "objection" is reference made to the magistrate's decision to a basis for a proper challenge to the magistrate's conclusions of law. Instead, relator merely reiterates her contention that, on a single point concerning the administrative order at issue herein, the commission abused its discretion.
 {¶ 7} In State ex rel. Sponseller v. Indus. Comm. (Sept. 23, 1999), Franklin App. No. 98AP-1411, we held that relator, who merely states that he objects to the magistrate's decision based on the reasons contained in the attached brief, does not comply with the requirement of Civ.R. 53(E)(2) that objections to the magistrate's decision must be specific and state with particularity the grounds of the objections. We find that respondent is correct in asserting that relator's objection does not satisfy the requirements of Civ.R. 53(E)(3)(b) in this case.
 {¶ 8} Furthermore, even if we do consider the objection to be specific and to minimally satisfy Civ.R. 53(E)(3)(b), we find that Hartung's comment concerning Mangiarelli's report that, "I have read and studied the aforementioned report. I found no — contraindications between the test results and the conclusions stated by Mr. Mangiarelli," does nothing more than to indicate no internal inconsistency between the test results and Mangiarelli's conclusions, not that he agreed with Mangiarelli's conclusion or changed his opinion that relator was capable of working.
 {¶ 9} Relator's objection is overruled for two reasons: (1) that the objection does not comply with Civ.R. 53(E)(3)(b); and (2) there is some evidence to support the commission's decision denying PTD compensation and the magistrate did not err in so finding.
 {¶ 10} For the reasons expressed in the magistrate's report and in this decision, the writ of mandamus is denied.
Objection overruled; writ of mandamus denied.
BOWMAN and BRYANT, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
APPENDIX A — IN MANDAMUS
 {¶ 11} Relator, Carolyn J. Weimer, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for permanent total disability ("PTD") and ordering the commission to grant her PTD compensation. In the alternative, relator requests a writ of mandamus ordering the commission to consider the vocational report she submitted before redetermining whether she is entitled to PTD compensation.
 {¶ 12} Findings of Fact:
 {¶ 13} Relator sustained a work-related injury on January 5, 1985, and her claim has been allowed for: "[a]cute cervical sprain; sprain right shoulder; right thoracic outlet syndrome with concomitant vascular cephalgias; bilateral carpal tunnel syndrome; left thoracic outlet syndrome; chronic pain disorder."
 {¶ 14} On November 17, 2000, relator filed an application for PTD compensation. Relator's application was supported by the August 22, 2000 report of her treating physician, Hyo H. Kim, M.D., who opined that, from a physical standpoint, relator was permanently and totally disabled and unable to engage in any sustained remunerative employment. Relator also attached the June 6, 2000 report from her counselor, Diana M. Susa, who assessed a 25 percent impairment due to her psychological condition.
 {¶ 15} Relator was examined by Stephen L. Demeter, M.D., who issued a report dated June 15, 2001. Dr. Demeter also submitted a July 17, 2001 addendum because he had included calculations regarding relator's left shoulder in his computation of her impairment. Pursuant to his reports, Dr. Demeter opined that relator had reached maximum medical improvement with regard to her allowed physical conditions, and had a five percent whole person impairment. Dr. Demeter opined that relator could perform sustained remunerative work activity in the light physical range.
 {¶ 16} Relator was also examined by Steven B. VanAuken, M.D., who issued a report dated July 11, 2001. Dr. VanAuken examined relator with regard to her allowed psychological condition and opined that, although she would not be able to return to her former position of employment, she could perform other sustained remunerative employment.
 {¶ 17} Relator submitted a vocational report prepared by Robert Mangiarelli M.Ed., who concluded that, based upon the vocational testing he performed, relator was not currently capable of engaging in sustained remunerative employment within the restrictions of Drs. Kim and Novak as well as the psychological report of Ms. Susa.
 {¶ 18} An employability assessment report was prepared by Carl W. Hartung, MRC, CRC, APDA, dated September 14, 2001. Based upon the reports of Drs. VanAuken and Demeter, Mr. Hartung opined that relator could immediately perform the following jobs: "Counter Attendant, File Clerk, Mail Clerk, Marking Clerk, Usher, Retail Salesperson, Service Station Attendant." Following brief skilled training, Mr. Hartung opined that relator could perform the following additional jobs: "General Office Clerk, Hotel Desk Clerk, Order Clerk."
 {¶ 19} Mr. Hartung indicated that relator's current age of 53 years may moderately reduce her ability to adapt to new work settings, that her 12th grade education with her additional training in childcare, C.D.A., CPR, first aid, childhood disease and child safety training, more than meets the demands of an ability to perform entry-level occupations, and that her previous work history of semi-skilled and skilled work is satisfactory to meet the demands of entry-level work activities. She noted further that relator's current level of academic achievement and supplemental training is satisfactory to meet the basic demands of entry-level work activities. In addressing the vocational evaluation prepared by Mr. Mangiarelli, Mr. Hartung noted as follows:
 {¶ 20} A Vocational Evaluation was completed on 3/23/01 with a Final Vocational Evaluation Report completed by Robert Mangiarelli, M.Ed. of Forum Health Hillside Rehabilitation Hospital, Warren, Ohio dated 4/23/01. I have read and studied the aforementioned report. I found no-contraindications between the test results and the conclusions stated by Mr. Mangiarelli.
 {¶ 21} Relator's application was heard before a staff hearing officer ("SHO") on October 23, 2001, and resulted in an order denying her application for PTD compensation. Relying upon the reports of Drs. Demeter and VanAuken, the SHO concluded that relator was medically capable of performing some sustained remunerative employment. The commission also relied upon the vocational report prepared by Mr. Hartung and addressed the nonmedical disability factors as follows:
 {¶ 22} Claimant is 53 years of age and has a high school education. Claimant has furthered her education by attending/completing child development association in child care with over 1600 hours training as well as CPR and First Aid training in order to be state certified to own/operate a day care facility. Per claimant's IC-2 application and testimony at hearing, claimant indicates the ability to read, write, and do basic math but not very well. Claimant's work history consists of working for the above-stated employer for approximately five years, early on in her working career as a cashier, but primarily worked the bulk of her career with children, nursery school attendant for two different employers for approximately five years and then eventually went on to own and operate her own day care facility, Carolyn's Family Day Care for approximately five years.
 {¶ 23} ***
 {¶ 24} As indicated before, the Staff Hearing Officer finds that the claimant's age is a positive factor as the claimant's age of 53 leaves approximately 10 years of working life ahead of her.
 {¶ 25} The Staff Hearing Officer finds that the claimant's education is also a positive factor. The claimant's high school education as well as attending child care and CPR training in order to be state certified to run a day care facility, may not necessarily provide claimant with present time skills but is evidence of claimant's ability to learn new skills conducive to at least sedentary work or entry-level positions.
 {¶ 26} Furthermore, the claimant's work history is definitely a positive factor. The claimant's occupation as a successful day care owner/operator indicates employment in a skilled position which indicates and suggests that the claimant has the skills and qualifications to perform other occupations or can at least be retrained to perform other occupations, i.e. entry level on a sedentary basis, based on her education and prior managerial/supervisory skilled work history.
 {¶ 27} Therefore, based upon the limited physical restrictions as indicated by Dr. Demeter and Dr. VanAuken who indicate that claimant can perform light work, coupled with claimant's age with approximately 10 years of working life ahead of her, high school plus education, and skilled managerial/supervisory work history, the Staff Hearing Officer finds on a whole that the claimant's non-medical disability factors favor re-employability or that the claimant can at least be retrained to perform other occupations, i.e. entry-level work, and is therefore not permanently and totally disabled.
 {¶ 28} Thereafter, relator filed the instant mandamus action in this court.
 {¶ 29} Conclusions of Law:
 {¶ 30} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 31} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 32} Relator does not challenge the commission's reliance on the reports of Drs. Demeter and VanAuken. Instead, relator contends that the commission has abused its discretion by relying upon the vocational report prepared by Mr. Hartung when, according to relator, Mr. Hartung agreed with the conclusion reached by Mr. Mangiarelli, relator's vocational expert, that she was not capable of performing some sustained remunerative employment. For the reasons that follow, this magistrate disagrees with relator's argument.
 {¶ 33} Relator points to that portion of Mr. Hartung's report cited above in the findings of fact where, after addressing relator's nonmedical disability factors and finding them to be positive in terms of her abilities to be reemployed, Mr. Hartung made the following comment regarding Mr. Mangiarelli's report:
 {¶ 34} A Vocational Evaluation was completed on 3/23/01 with a Final Vocational Evaluation Report completed by Robert Mangiarelli, M.Ed. of Forum Health Hillside Rehabilitation Hospital, Warren, Ohio dated 4/23/01. I have read and studied the aforementioned report. I found no contraindications between the test results and the conclusions stated by Mr. Mangiarelli.
 {¶ 35} Contrary to relator's assertions, Mr. Hartung did not indicate that he agreed with Mr. Mangiarelli's conclusions. Instead, Mr. Hartung indicated that he found no contradictions between the test results administered by Mr. Mangiarelli and the conclusions which Mr. Mangiarelli drew from those results. Nothing in Mr. Hartung's vocational report indicates that his review of Mr. Mangiarelli's vocational report caused him to change his opinion that relator was capable of working. Relator's argument simply is not supported by the record.
 {¶ 36} In reviewing the commission's analysis of the nonmedical factors, this magistrate concludes that the analysis provided by the commission is adequate to meet the requirements of Stephenson and Noll, supra. The SHO found relator's age of 53 years to be a positive factor, that her education was a positive factor, especially in light of her training following her injury, and that her work history is also a positive factor. The commission noted that relator had successfully operated and owned a day care facility for several years following her injury.
 {¶ 37} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying her application for PTD compensation, and this court should deny relator's request for a writ of mandamus.