{¶ 1} Relator, Cornillia Owens, filed this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying her permanent total disability ("PTD") compensation, and to enter an order granting said compensation. In the alternative, relator requests a writ of mandamus ordering the commission to consider and discuss the true extent of her psychological condition.
 {¶ 2} Pursuant to Civ.R. 53, and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In that decision, the magistrate concluded that there was an evidentiary foundation to support the commission's decision that claimant was capable of performing sustained remunerative employment. Specifically, the magistrate cited Dr. Earl Greer's report, which indicates that the claimant's psychological impairment would not prevent her from performing her former job; nor would it prevent her from performing other sustained remunerative employment. Therefore, the magistrate concluded that there was some evidence supporting the commission's decision and the magistrate recommended that this court deny relator's request for a writ of mandamus.
 {¶ 3} Relator has filed an objection to the magistrate's decision. In essence, relator argues that the commission should have interpreted Dr. Greer's report differently and reached a different result. We find relator's argument unpersuasive.
 {¶ 4} Given that Dr. Greer's report does appear to support the commission's denial of PTD, relator has not demonstrated that the commission abused its discretion in denying her application for PTD compensation. Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled;
Writ of mandamus denied.
BOWMAN and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 IN MANDAMUS {¶ 5} Relator, Cornilla Owens, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for permanent total disability ("PTD") compensation and ordering the commission to find that she is entitled to that compensation. In the alternative, relator requests a writ of mandamus ordering the commission to consider and discuss the true extent of her psychological condition.
Findings of Fact:
 {¶ 6} 1. In 1978, relator sustained two work-related injuries. Her claims have been allowed as follows: "Acute strain, sprain left shoulder; dysthymia secondary type. *** [a]cute strain/sprain lumbar spine." Relator last worked in 1978.
 {¶ 7} 2. On January 13, 2000, relator filed her application for PTD compensation supported by the October 3, 1999 report of her treating physician, Dr. Ralph W. Newman, who opined that she was permanently and totally disabled and not a viable candidate for vocational rehabilitation.
 {¶ 8} 3. Relator was examined by Dr. Earl Greer who issued a report dated October 3, 2000, wherein he addressed relator's psychological condition. Dr. Greer opined that relator had reached maximum medical improvement and assessed a twenty percent permanent partial impairment. He indicated that psychological intervention was recommended, with any vocational readjustment coordinated with psychological intervention. Dr. Greer opined that, based upon the impairment from the allowed condition alone, relator could meet the basic mental/behavioral demands required to return to her former position of employment or to perform other sustained remunerative employment. He opined further that a return to work would be therapeutic for relator because her significant unstructured time was psychologically unhealthy and that working would also enhance her self esteem. He questioned the validity of the MMPI results, noting that the test results indicated a deliberate effort on the part of relator to exaggerate her emotional discomfort or a significant difficulty in understanding the task. In his conclusion, Dr. Greer noted that motivation would be a significant factor for relator.
 {¶ 9} 4. Relator was examined by Dr. Daniel E. Braunlin who issued a report dated October 5, 2000. Dr. Braunlin is a commission specialist in physical medicine and rehabilitation. Dr. Braunlin noted that there was no conclusive evidence of lumbar radiculopathy in his opinion and that relator has considerable subjective pain behavior with respect to her low back. He concluded that she had reached maximum medical improvement for her allowed physical conditions and assessed a five percent permanent partial impairment. Dr. Braunlin concluded that relator was permanently unable to return to her former job duties and tasks as a nurse's aide as she would be unable to do the heavy lifting, bending, or the twisting that is involved in that job. Dr. Braunlin concluded that relator could sit for five to eight hours and stand or walk for zero to three hours; she could lift, carry, push, pull or otherwise move up to ten pounds for zero to three hours but was precluded from managing anything in excess of ten pounds; occasionally use foot controls and reach overhead; could frequently handle objects and reach at waist level; and was also precluded from climbing stairs or ladders, from crouching, stooping, bending and kneeling, and from reaching at both knee and floor level.
 {¶ 10} 5. An employability assessment was provided by Roger Livingston, Ph.D., and dated November 27, 2000. Based upon the report of Dr. Newman, Dr. Livingston concluded that there were no employability options for relator. However, based upon the medical reports of Drs. Greer and Braunlin, Dr. Livingston concluded that relator could perform the following employment options: "Addresser, Surveillance Sys. Monitor, Telephone Quotation Clerk, Order Clerk, Food Bev., Call-Out Operator, and Election Clerk." Dr. Livingston concluded that relator's age of 61 years was not a factor which would effect her ability to meet the basic demands of entry-level occupations. Further, he noted that her ninth grade education and her GED equivalency was adequate for many sedentary entry-level occupations and that it was a positive factor reflecting her ability to meet the basic educational demands of entry-level occupations. With regard to her work history, he noted it reflected some adaptability to a variety of work environments and the ability to meet the basic demands of entry-level occupations.
 {¶ 11} 6. Relator's application was heard by a staff hearing officer ("SHO") on February 22, 2001, and resulted in an order denying her application. The SHO relied upon the medical reports of Drs. Braunlin and Greer.
 {¶ 12} 7. Relator filed a mandamus action in this court. A magistrate of this court issued a decision and recommended that this court issue a limited writ of mandamus for the following reasons: (1) the commission abused its discretion by finding that relator had the physical capacity to perform light duty work when the evidence only supported a finding that she was capable of performing sedentary work; and (2) the commission noted that relator had transferable skills from previous employment without identifying any of those skills. Relator had also requested a writ of mandamus based upon the report of Dr. Greer. In that regard, the magistrate noted as follows:
 {¶ 13} 8. "Claimant points to no defect in the report of Dr. Greer but argues that the commission had a duty to discuss the psychological limitations at greater length. Claimant states that a recitation of Dr. Greer's principal findings and an adoption of those findings was not a sufficient explanation of claimant's psychological limitations. The commission found as follows:
 {¶ 14} "The claimant was examined by Dr. Earl F. Greer on 10/03/2000, at the request of the Industrial Commission, with regard to the allowed psychological conditions in claim 78-49830. Dr. Greer opines the claimant's condition to be permanent and to have reached maximum medical improvement. Dr. Greer indicates that the claimant is capable of returning to her former position of employment when considering the allowed psychological conditions.
 {¶ 15} 9. "In his report, Dr. Greer concluded that claimant's impairment from the allowed condition would not prevent her from performing her former job, nor would it prevent her from performing any other job. In short, he did not impose any job-related restrictions. Given the nature of Dr. Greer's opinions, including the absence of limitations on job options, the commission had no duty to discuss his report at greater length. Although Dr. Greer noted the presence of various symptoms, he expressly found that the allowed psychological condition would not limit claimant's job options. The commission was within its discretion to describe Dr. Greer's opinion briefly and adopt it without extensive discussion."
 {¶ 16} 10. Relator did not file an objection concerning the magistrate's finding that the commission's analysis of the psychological conditions was adequate.
 {¶ 17} 11. This court approved and adopted the magistrate's decision as its own and issued a writ of mandamus ordering the commission to vacate its order and to issue an order which met the requirements of State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203 and State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167.
 {¶ 18} 12. Relator's application was heard by a different SHO on January 22, 2002, and resulted in an order again denying relator's application for PTD compensation. The SHO relied upon the medical reports of Drs. Greer and Braunlin as well as the vocational report of Dr. Livingston. The commission concluded that relator was not permanently and totally disabled as she retains the physical, psychological, and intellectual capacity to engage in unskilled entry-level sedentary employment positions. (The commission's order can be found at pgs. 37-39 of the record for the court's review.)
 {¶ 19} 13. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 21} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 22} In this mandamus action, relator asserts that the commission abused its discretion by not truly considering the impact of her psychological condition on her ability to perform other sustained remunerative employment. Relator contends that the commission cannot simply rely upon Dr. Greer's report wherein he stated that relator could return to her former position of employment without addressing her significant impairment based upon her allowed psychological condition. For the reasons that follow, this magistrate disagrees.
 {¶ 23} Relator previously challenged this very report of Dr. Greer in her original mandamus action and, as stated previously, a magistrate of this court concluded that relator's challenge that the commission had a duty to discuss the psychological limitations at greater length lacked merit. Relator contends that, because Dr. Greer assessed a twenty percent permanent partial impairment, obviously she must have severe psychological restrictions when it comes to performing work.
 {¶ 24} In his report, Dr. Greer noted that not only was relator capable of performing her former position of employment, but she could also perform other sustained remunerative employment. He noted that motivation was a factor, that he believed that relator was exaggerating her symptoms, and that working would be therapeutic for relator in that it would take her mind off her physical problems and would enhance her self worth.
 {¶ 25} Contrary to relator's assertions, Dr. Greer did not place any psychological limitations or restrictions on her with regard to her ability to perform some sustained remunerative employment. Dr. Greer did note that relator had certain symptoms, including depression, psycho-psychological reactions, anxiety-tension, and thought disorganization; however, Dr. Greer reported that those symptoms would not preclude her from either returning to her former position of employment or performing other sustained remunerative employment. Contrary to relator's assertions, Dr. Greer's report is not somehow deficient, and the commission did not abuse its discretion by either failing to consider all of the allowed psychological conditions or by failing to analyze the psychological limitations on relator as a result of her psychological conditions. Relator has not demonstrated that the commission abused its discretion in this regard. Furthermore, this magistrate finds that the commission's analysis of the other nonmedical disability factors is sufficient. Relator's only argument is that the commission has not properly analyzed her psychological condition and, as stated previously, this magistrate disagrees with that argument.
 {¶ 26} Based on the foregoing, it is this magistrate's decision, that relator has not demonstrated that the commission abused its discretion in denying her application for PTD compensation, and this court should deny relator's request for a writ of mandamus.