DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION.
{¶ 1} Relator, Billie F. Marshall, seeks a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator's application for permanent total disability ("PTD") compensation and to order the commission to find that she is entitled to said compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In that decision, the magistrate found that Dr. Mikutis was only required to determine at what strength level relator could perform. Because Dr. Mikutis opined that relator could perform work at a sedentary work level, the commission did not abuse its discretion in relying upon his report. The magistrate also found that the commission did not abuse its discretion in relying upon the vocational report of Ms. Trent. Therefore, the magistrate has recommended that this court deny the requested writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision arguing that the reports of Dr. Mikutis and Ms. Trent are not "some evidence" upon which the commission could rely. This argument is simply a reiteration of the argument made to the magistrate and addressed in the magistrate's decision. For the reasons set forth in the magistrate's decision, we find this argument unpersuasive.
 {¶ 4} Relator also asserts that the commission erred in finding that relator possessed the capacity to be retrained or that she had a work history conducive to obtaining sedentary employment. Again, we fail to find an abuse of discretion by the commission. The commission identified and discussed a number of positive factors regarding relator's employability. Given these positive factors, the commission did not abuse its discretion in concluding that relator is able to engage in sustained remunerative employment.
 {¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
Bowman and Petree, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Billie F. Marshall, : Relator, : v. : No. 03AP-1260 Industrial Commission of Ohio and : (REGULAR CALENDAR) Counsel on Rural Service Programs, : Respondents. :
 MAGISTRATE'S DECISION Rendered on June 10, 2004 Marinakis Law Office, and Angela D. Marinakis, for relator.
Jim Petro, Attorney General, and Paul H. Tonks, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 6} Relator, Billie F. Marshall, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for permanent total disability ("PTD") compensation and ordering the commission to find that she is entitled to that compensation.
Findings of Fact:
 {¶ 7} 1. Relator sustained a work-related injury on March 12, 1986, when she was helping a senior citizen out of a van and the person began to fall. Relator attempted to catch the person and, in the process, suffered a work-related injury. Relator's claim has been allowed for: "slipped disc-lower back."
 {¶ 8} 2. On January 3, 2003, relator filed an application for PTD compensation. In support of her application, relator provided the January 28, 2002 report of Raymond D. Wolf, D.O., who indicated that relator has had a lumbar laminectomy and epidural blocks and that she requires narcotic analgesia for treatment. He noted further that relator continues to experience pain.
 {¶ 9} 3. Relator was also examined by Jeffrey L. Mikutis, D.O., who performed an independent medical evaluation on March 31, 2003. After listing his objective findings, Dr. Mikutis concluded that, while relator does have some continued low back symptomotology, there is evidence of symptom magnification on examination. Dr. Mikutis opined that relator had reached maximum medical improvement, assessed a ten percent whole person impairment, and concluded that relator was capable of performing work at a sedentary level.
 {¶ 10} 4. An employability assessment report was prepared by Teresa L. Trent, CRC, CDMS, CCM, and dated May 21, 2003. Based upon the report of Dr. Wolf, Ms. Trent concluded that relator was not employable. However, based upon the report of Dr. Mikutis, Ms. Trent concluded that relator could immediately perform the following jobs: "Auction Clerk[;] File Clerk II[;] Industrial Order Clerk[;] Insurance Clerk[;] Credit Card Control Clerk[; and] Skip Tracer." Ms. Trent concluded that relator's age of 51 years should not affect her ability to meet the basic demands of entry-level occupations, that her education level was ample to obtain entry-level work, unskilled jobs, and that her prior work history indicates that she had displayed the ability to perform sedentary work at the skilled and semi-skilled level in the past.
 {¶ 11} 5. Relator's application was heard before a staff hearing officer ("SHO") on July 2, 2003 and resulted in an order denying the application. Relying upon the medical report of Dr. Mikutis, the SHO concluded that relator was capable of performing sedentary work as such is defined within the Ohio Administrative Code. The SHO also relied upon the vocational report of Ms. Trent. In addressing the vocational factors, the SHO concluded as follows:
The Staff Hearing Officer finds that the injured worker is 51 years old, has a high school education, and work experience as an auction clerk, file clerk II, assistant office manager, director-community organization, and small products assembler. The Staff Hearing Officer finds the injured worker's age is an asset which would enable her to adapt new work rules, processes, methods, procedures, and tools involved in a new occupation. The Staff Hearing Officer further finds that the injured worker's education is an asset which would enable her to meet the basic demands of entry level occupations. The Staff Hearing Officer further finds that the injured worker's work experience provided her with skills necessary to perform entry level occupations, as identified by Ms. Trent in her Vocational Assessment. The Staff Hearing Officer finds that the injured worker's work experience is an asset in acquiring entry level occupations. Considering the injured worker's age, education, and work experience in conjunction with her ability to perform sedentary employment, the Staff Hearing Officer finds that the injured worker would be capable of performing the employment options noted in the report of Ms. Trent, such as: auction clerk, file clerk II, industrial order clerk, insurance clerk, credit card control clerk, and skip tracer. According[ly], the Staff Hearing Officer finds that the injured worker is able to engage in sustained remunerative employment and her application is denied.
 {¶ 12} 6. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 13} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 14} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 15} In this mandamus action, relator asserts the commission abused its discretion by relying upon the report of Dr. Mikutis. Relator contends that the commission could not rely upon the report of Dr. Mikutis because he simply opined that relator could perform sedentary work as such is defined in the Ohio Administrative Code, and yet he failed to provide any specific restrictions for her. Instead, the only evidence of restrictions provided by Dr. Mikutis is contained within the history section as related to him by relator. Furthermore, relator contends that the commission abused its discretion by relying upon the vocational report of Ms. Trent to the extent that report was based upon the improper report of Dr. Mikutis. For the reasons that follow, this magistrate finds that relator's argument is not well-taken.
 {¶ 16} Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. Teece. Relator does not contend that Dr. Mikutis' report is equivocal or internally inconsistent; instead, relator complains that the report is not specific enough because Dr. Mikutis does not give relator any specific restrictions. However, relator is unable to point to any case law which requires a doctor to do that. Instead, the physician is simply required to determine whether or not the injured worker is capable of performing at a particular strength level. In the present case, Dr. Mikutis indicated that relator could perform work at a sedentary work level. The lack of more specificity does not mean that the commission abused its discretion by relying upon his report. Because the commission did not abuse its discretion in relying on the report of Dr. Mikutis, the commission likewise did not abuse its discretion by relying upon the vocational report of Ms. Trent.
 {¶ 17} Accordingly, it is the magistrate's decision that because relator is unable to demonstrate that the commission abused its discretion by relying upon the medical report of Dr. Mikutis and the vocational report of Ms. Trent, this court should deny relator's request for a writ of mandamus.
 s/s Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE