DECISION
{¶ 1} Relator, Crown Cork Seal, Co., Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which granted permanent total disability ("PTD") compensation to respondent, Robert E. Gates ("claimant"), and ordering the commission to find that he is not entitled to that compensation. In the alternative, relator requests that this court issue a limited writ of mandamus ordering the commission to vacate its prior order and to issue a new order granting or denying the requested compensation without considering the medical report of Dr. Shakil A. Khan, M.D.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Section M, Loc.R. 12 of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.)
 {¶ 3} There have been no objections filed to the magistrate's decision.
 {¶ 4} After an independent review of the file, this court finds that the magistrate's decision contains no error of law or other defect on its face. Accordingly, this court adopts the magistrate's decision.
 {¶ 5} Relator's request for a writ of mandamus is denied.
Writ of mandamus denied.
Bryant and Sadler, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Crown Cork Seal, Co., Inc., : Relator, : v. : No. 04AP-909 Industrial Commission of Ohio : (REGULAR CALENDAR) and Robert E. Gates, : Respondents. : MAGISTRATE'S DECISION Rendered on March 22, 2005 Schottenstein, Zox Dunn, Corey V. Crognale and Meghan DargayMajernik, for relator.
Jim Petro, Attorney General, and William J. McDonald, for respondent Industrial Commission of Ohio.
Gallon Takacs Co., L.P.A., and Theodore A. Bowman, for respondent Robert E. Gates.
In Mandamus
 {¶ 6} Relator, Crown Cork Seal, Co., Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Robert E. Gates ("claimant") and ordering the commission to find that he is not entitled to that compensation. In the alternative, relator requests that this court issue a limited writ of mandamus ordering the commission to vacate its prior order and to issue a new order, granting or denying the requested compensation, without considering the medical report of Dr. Shakil A. Khan, M.D.
Findings of Fact:
 {¶ 7} 1. Claimant had worked for relator for approximately 32 years and last worked on July 31, 2001, when the company closed operation. During the time of his employment, claimant was exposed to various chemicals, including, but not limited to, asbestos.
 {¶ 8} 2. Claimant began treating with Oscar Neufeld, M.D., in May 2001, because he was becoming increasingly short of breath. Claimant's workers' compensation claim has been allowed for: "pulmonary fibrosis."
 {¶ 9} 3. On November 24, 2003, claimant filed an application for PTD compensation. Dr. Neufeld opined that claimant had developed pneumoconiosis due to his employment with relator. Following Dr. Neufeld's retirement, claimant began treating with Dr. Khan. In his July 17, 2003 report, Dr. Khan indicated that the results of a recent pulmonary function test showed that claimant has significant shortness of breath with minimal to moderate activity and that he has severe reduction in diffusion capacity. He opined that, based upon this, claimant was totally disabled from August 2001 and will not be able to resume, based on the disease process, any productive work activity. In his letter dated September 11, 2003, Dr. Khan again opined that claimant was totally disabled as a result of pulmonary fibrosis.
 {¶ 10} 4. Claimant was examined by Herbert A. Grodner, M.D., who issued a report dated January 7, 2004. Dr. Grodner noted that claimant's lungs reveal inspiratory crackles that do not disappear with coughing. He noted that claimant's spirometry was entirely normal and that there was no evidence of obstructive airway disease or restrictive lung disease. While Dr. Grodner agreed that claimant had pulmonary fibrosis, he opined that claimant was capable of engaging in sustained remunerative employment in as clean an environment as possible performing work activities that would not require significant physical exertion. He opined that claimant was capable of light to sedentary activities.
 {¶ 11} 5. Claimant was also examined by Harvey A. Popovich, M.D., who issued a report dated March 10, 2004. Dr. Popovich concluded that claimant had reached maximum medical improvement, assessed a 50 percent whole person impairment and opined that claimant was capable of performing sedentary work.
 {¶ 12} 6. Vocational evidence was also submitted. Paula W. Breslin and Craig Johnston concluded that, based on the reports of Drs. Popovich and Grodner, there were several jobs which claimant could perform. However, both agreed that based upon the report of Dr. Khan claimant was not employable. Teresa J. Kahler, Ph.D., also completed an employability assessment and concluded that claimant was unemployable due to his limited education, narrow work history and significant work limitations.
 {¶ 13} 7. Claimant's application was heard before a staff hearing officer ("SHO") on June 23, 2004, and resulted in an order granting the award. After describing claimant's prior work history and his health, the SHO noted as follows:
In 1999, the Injured Worker began developing shortness of breath and was referred to pulmonologist, Dr. Neufeld. When Dr. Neufeld retired he was treated by pulmonologist, Dr. Atwell, and is currently treated by Dr. Khan. The Injured Worker's current symptoms include shortness of breath with any exertion which would include talking, eating, dressing, and walking. The Injured Worker is required to sleep with 2 pillows and denies any history of night time shortness of breath. The Injured Worker does note a dry cough and at other times wheezes.
The Injured Worker's Permanent and Total Disability Application is supported by the reports of Dr. Khan filed 7/17/2003 and 9/11/2003. Dr. Khan indicates on the basis of his evaluations and care, as well as the pulmonary function studies, the Injured Worker is totally disabled effective 8/1/2001 and is unable to resume any kind of productive work activity.
There is conflicting medical evidence on file which indicates that the Injured Worker could perform at least sedentary work, however, this Staff Hearing Officer finds when combining that with the Injured Worker's age, extremely limited education and basic illiteracy, as well as 32 years in one field of employment with no transferable skills, the Injured Worker would still be permanently and totally disabled.
Therefore, as a result of the medical evidence of Dr. Khan the Injured Worker is found Permanently and Totally Disabled on a medical basis and no further consideration of the vocational factors is required. Therefore, the IC-2 Application filed on 11/24/2003 is hereby GRANTED.
The onset date of 8/1/2003 is supported by the first report of Dr. Khan which indicates the Injured Worker is permanently disabled from any type of employment activity. This also takes into consideration the fact that Temporary Total Disability Compensation was last paid on 6/27/2003 of the results of an Maximum Medical Improvement finding by Dr. Khan on a C-84.
(Emphasis sic.)
 {¶ 14} 8. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 15} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 16} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel.Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 17} Relator contends that the commission abused its discretion by failing to clearly explain its finding that claimant is permanently and totally disabled on a medical basis. Relator argues that Dr. Khan's reports are equivocal and cannot be relied upon. Specifically, relator points out that Dr. Khan had noted that relator is "totally disabled * * * and will not be able to resume, based on the disease process, any productive work activity." Because the commission went on to note vocational factors after citing to Dr. Khan's reports, relator contends that the commission's decision is unclear and that it appears that the commission did not fully accept Dr. Khan's position that claimant was permanently and totally disabled solely as a result of the allowed medical condition. For the reasons that follow, this magistrate disagrees.
 {¶ 18} It is undisputed that equivocal medical opinions are not evidence and cannot be relied upon by the commission. See State ex rel.Eberhardt v. Flxible Corp. (1994), 70 Ohio St.3d 649. A medical opinion is considered equivocal in nature when the doctor either repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement. Id. Relator asserts that Dr. Khan's report is equivocal for two reasons: (1) Dr. Khan opined that claimant's disability began August 2001, prior to the time that Dr. Khan actually began treating claimant; and (2) the fact that he notes that it is due to "the disease process" that claimant is unable to work. As to the first issue, the magistrate noted in the findings of fact that claimant was diagnosed with pulmonary fibrosis in 2001 while treating with Dr. Neufeld. It was only because Dr. Neufeld retired that claimant began treating with Dr. Khan. This magistrate does not find it fatal to Dr. Khan's opinion that, having reviewed the medical evidence, he believed that claimant had been disabled since August 2001. In reviewing his report, the commission chose to commence PTD compensation as of August 1, 2003, the first report of Dr. Khan indicating that claimant is permanently and totally disabled from any type of employment activity.
 {¶ 19} Second, the magistrate finds that Dr. Khan's statement that claimant is totally disabled and will not be able to resume, based on the disease process, any productive work activity does not render his report equivocal. Instead, Dr. Khan had previously certified claimant as being temporarily and totally disabled and had indicated that claimant had reached maximum medical improvement. As such, the magistrate reads Dr. Khan's July 17, 2003 report together with his September 11, 2003 report to indicate that claimant is totally disabled and will remain totally disabled in the future because his condition will not improve. As such, this magistrate does not believe that Dr. Khan's report is equivocal and it does constitute some evidence upon which the commission could rely.
 {¶ 20} At oral argument, counsel for relator advanced an additional argument not addressed in its brief. Specifically, relator pointed to test results which appear to indicate that claimant's respiratory function is improving. As such, relator contends that claimant's disability, if any, is temporary. The magistrate reviewed the documents indicated by relator and notes that, in his June 27, 2002 report, Dr. Khan noted that claimant's FEV1/FVC ratio was 89 percent and that, pursuant to testing performed October 2, 2003, claimant's FEV1/FVC ratio was 81 percent. Relative to the October 2, 2003 test, Dr. Khan indicated that claimant's condition had improved since July 2003. Relator contends that this invalidates Dr. Khan's prior reports dated July 17, 2003 and September 11, 2003 wherein he opined that claimant was incapable of performing some sustained remunerative employment.
 {¶ 21} The magistrate rejects relator's argument for four reasons: (1) there is no evidence this issue was raised before the commission. Pursuant to State ex rel. Quarto Mining Co. v. Foreman (1997),79 Ohio St.3d 78, reviewing courts do not have to consider error which the complaining part could have called, but did not call, to the commission's attention at a time when it would have been avoided or corrected; (2) the results do not necessarily invalidate Dr. Khan's opinion that claimant is incapable of performing sustained remunerative employment; (3) relator's argument asks this court to reweigh the evidence; and (4) the commission provided an alternative rationale for finding claimant entitled to PTD compensation wherein the commission noted as follows:
There is conflicting medical evidence on file which indicates that the Injured Worker could perform at least sedentary work, however, this Staff Hearing Officer finds when combining that with the Injured Worker's age, extremely limited education and basic illiteracy, as well as 32 years in one field of employment with no transferable skills, the Injured Worker would still be permanently and totally disabled.
 {¶ 22} Having determined that Dr. Khan's report constitutes some evidence, the magistrate further concludes that it is some evidence that, from a medical standpoint alone, claimant is physically incapable of performing sustained remunerative employment on a permanent basis. The fact that the SHO went on and addressed nonmedical vocational factors does not render the commission's order defective. The magistrate does not find a violation of Noll, supra, as the magistrate finds that the commission properly cited the medical evidence upon which it relied and provided an adequate explanation for its decision. In this case, the commission found that the medical evidence was sufficient to support an award of PTD compensation and, while acknowledging that there is conflicting medical evidence in the file as to whether or not claimant can actually perform sedentary work, the commission noted that even if this fact was accepted, based upon his extremely limited education, his basic illiteracy, his 32 years of work in one field, and no transferable skills, claimant would still be permanently and totally disabled.
 {¶ 23} Based on the foregoing, it is the magistrate's decision that relator has not demonstrated that the commission abused its discretion and this court should deny relator's request for a writ of mandamus.